**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ruth Louise McINTIRE, Defendant-Appellant.**

**No. 72–1216.**

United States Court of Appeals,
Fifth Circuit.

June 23, 1972.

Neal Dancer, Corpus Christi, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BELL, GOLDBERG and RONEY, Circuit Judges.

BELL, Circuit Judge:

This is the rare federal murder case. Appellant killed her husband, a Navy petty officer, at their place of residence on the Corpus Christi Naval Air Station. She was convicted of voluntary manslaughter in violation of 18 U.S.C.A. § 1112, and sentenced to seven years imprisonment.

The government admits that the decedent was grossly intoxicated at the time. The wife testified as to serious and unusual brutality suffered in the past at the hands of her husband while he was intoxicated.

On the night in question decedent was threatening to beat his wife; she retreated to an upstairs room while he was pouring another drink and obtained a shot gun. She loaded it but did not point it at the decedent.

An argument ensued and the gun discharged with the result that the husband was killed almost instantly. The defense was accident and self-defense with much reliance being placed on the fact that the decedent was the aggressor. The testimony was that he was advancing on appellant with his fist drawn when the gun went off.

■ Appellant was allowed to testify as to the past behavior of the husband in support of her theory that the decedent was the aggressor and that she was acting in self-defense. The court refused to permit corroborating testimony from other witnesses who had personal knowledge of the prior beatings of appellant by the decedent while he was intoxicated. The court declined to admit this testimony on the belief that only opinion evidence as to general reputation

was admissible as distinguished from specific acts of aggression or misconduct. There was a proffer of the testimony and it is in the record. The exclusion of this testimony was error. See Evans v. United States, 1960, 107 U.S. App.D.C. 324, 277 F.2d 354; Dempsey v. State, 1954, 159 Tex.Cr.R. 602, 266 S.W. 2d 875; Wigmore on Evidence, §§ 63, 198 and particularly § 248; Wharton's Criminal Evidence, § 228; Annot. 1 A.L.R.3d 571.

The government relies on Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1945), to show that character may be established only by proof of reputation as distinguished from proof of a particular incident. That case dealt with character evidence submitted by a defendant and testimony as to specific bad conduct was held admissible to test the knowledge of the character witnesses once they had testified as to good reputation. It is not at all in point on the instant question.

Three additional assignments of error have to do with the charge to the jury. The first is whether the charge on involuntary manslaughter was adequate. We hold that it was. The charge as requested by appellant was itself inadequate since it included editorial matter in the form of an assumption of "an unfortunate and fatal accident."

Our holding in this regard necessarily rejects the claim of plain error in failing to charge the jury on involuntary manslaughter as it may have been based on the hypothesis of simple assault under Texas statutes. This somewhat attenuated matter was not asserted in the trial court and is not plain error.

■ The trial court declined to give a charge on the defense of accident. Appellant cites no authority which would require the giving of such a charge. The government cites none to the contrary. The defense of accident was a part of the general defense of not guilty or the general issue. It was embraced in the charge dealing with the elements of the offense and the burden of proof. Whether a separate charge was due on the defense of accident was addressed to the discretion of the trial court. We find no error in the failure to give such a charge.

■ The last assignment of error is the claim that a statement made by appellant to a Navy chaplain about an hour after the shooting should have been admitted to support the defense of accident. The statement was that appellant stated that she knew that she did not pull the trigger. This statement would be admissible only as a part of the *res gestae*. It could have been admitted but the district court did not abuse its discretion in excluding this testimony.

Reversed and remanded for further proceedings not inconsistent herewith.