In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-306 CR


____________________



JAVIER ALEJANDRO BLANCO, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 359th District Court


Montgomery County, Texas


Trial Cause No. 05-06-05571-CR






MEMORANDUM OPINION


 A jury found Javier Alejandro Blanco guilty and assessed a term of thirty-seven years
of confinement as punishment for murder. In three issues, Blanco challenges the legal and
factual sufficiency of the evidence supporting his conviction for murder and complains of
the exclusion of evidence of the victim's consumption of alcohol or controlled substances. 
We affirm the judgment.

 A legal sufficiency review requires us to view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.
Crim. App. 2004). In reviewing the evidence for factual sufficiency, we ask "whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury's determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary
proof." Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State,
204 S.W.3d 404, 414-15, 417 (Tex. Crim. App. 2006).

 Blanco contends the State failed to prove he participated as a party to the murder of
Johnny Quintanilla by Anthony Garcia. (1) The trial court instructed the jury on the law of
parties. Thus, Blanco's conviction may be upheld upon proof that the offense was committed
"by his own conduct, by the conduct of another for which he is criminally responsible, or by
both." Tex. Pen. Code Ann. § 7.01(a) (Vernon 2003). A person is criminally responsible
for an offense committed by the conduct of another if, "acting with intent to promote or assist
the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense[.]" Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003).

 Blanco, Garcia, and Quintanilla were among the many attendees at a Quinceañera. 
An inebriated party-goer became upset over a trivial matter and kicked Blanco's vehicle.
Someone informed Blanco of the incident and Blanco came outside and confronted the party-goer. Quintanilla came outside, placed his body between the two arguing men, pushed
Blanco and told Blanco to leave. Using profanity, Blanco told Quintanilla, "I'm going to get
you[.]" Quintanilla understood the statement to be a threat. Police arrived and the people
that had gathered outside left. Quintanilla and a friend drove to another location for the after-party event at the celebrant's residence. As they walked towards the driveway from
Quintanilla's parked vehicle, Blanco drove up quickly and nearly hit two girls. Using
profanity, Quintanilla approached the passenger window of Blanco's truck and asked,
"What's your problem?" Quintanilla and Blanco argued. Quintanilla, who was much larger
than Blanco, challenged Blanco to get out of the truck and fight. Immediately before the
fatal shot, Quintanilla said, "Well, what are you going to do about it?" One of the witnesses
testified he heard Blanco say, "Get him, get him, hit him."

 One of the occupants in Blanco's vehicle testified under an informal offer of
immunity. (2) According to the witness, an angry Blanco mentioned the argument he had with
the intoxicated party-goer and suggested they go to the after-party event. The witness and
a friend met Blanco at Anthony Garcia's house. Blanco went into the house while the others
remained outside. When Blanco drove over to the after-party event, the witness sat in the
front passenger seat and Anthony Garcia sat behind Blanco on the driver's side of the rear
seat. As they approached their destination, they saw Quintanilla. Quintanilla and Blanco
argued, then Blanco said "Anthony" and Garcia shot Quintanilla with a shotgun. This
witness did not hear Blanco say "Get him" or "Hit him." Using profanity, Blanco said,
"There he goes" and drove away quickly. As they drove away, Blanco asked, "Did you get
him?" The witness indicated Blanco and Garcia acted in concert. Blanco and Garcia
discussed disposing of the murder weapon.

 On appeal, Blanco points to testimony that he and Quintanilla had been friends and
suggests the statement "I got you" indicates comprehension. The witnesses, however,
understood Blanco's statement to Quintanilla to be a threat and testified that Quintanilla
understood it to be one. Although Blanco argues that the State failed to prove he had a
motive for killing Quintanilla, the jury could have reasonably concluded that Blanco wanted
Quintanilla to die because Quintanilla had insulted Blanco at the Quinceañera and again,
immediately before the shooting, when Quintanilla challenged Blanco to fight under
circumstances where Quintanilla knew Blanco would not engage in mutual combat. The
trivial nature of their conflict makes the murder senseless but not unmotivated.

 Blanco challenges the credibility of the only witness who testified he heard Blanco
say "Get him" or "Hit him" immediately before Garcia shot Quintanilla. He bases his
argument primarily on the fact that the witness happened to be a close friend of the victim. 
The jury is the exclusive judge of the facts proved and the weight to be given the testimony. 
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979). It would not be irrational for the
jury to believe a witness even if the witness had a bias. The relationship between the witness
and the different parties was known to the jury, which could take those relationships into
account in assessing his credibility.

 Blanco's other arguments for discrediting the witness's testimony likewise fail. The
witness who was sitting in Blanco's vehicle acknowledged that Blanco could have said "Hit
him" without the witness hearing it. Blanco suggests the challenged witness was standing
too far from the vehicle to have clearly heard anything, but the witness testified that he was
five feet away when the shot was fired. Other witnesses gave varying accounts regarding the
location of various people at different moments, but none of those witnesses established that
the challenged witness could not have heard Blanco speak. Although it was dark, the
witnesses knew Blanco and testified he was the driver of the vehicle and the person who was
arguing with Quintanilla.

 Blanco argues the evidence that he ordered Garcia to shoot Quintanilla is too weak
to legally support a guilty verdict. We disagree. Blanco threatened Quintanilla, drove to and
away from the crime scene, discussed disposing of the murder weapon, and indicated by his
comments during and immediately after the shooting that he intended that Garcia shoot
Quintanilla. We hold the evidence is legally sufficient to support the jury's verdict.

 Blanco claims the evidence is factually insufficient because the evidence
overwhelmingly points to Garcia acting unexpectedly without Blanco's knowledge. Blanco
argues the witness who was closest to the vehicle did not testify. One of the people inside
the vehicle did testify, however. According to that witness, Garcia fired the shot as soon as
Blanco called out his name, then Blanco said "There he goes" and drove away quickly. By
his words and actions, Blanco indicated he knew Garcia was going to harm Quintanilla and
he assisted Garcia in escaping from the scene of the crime. The jury could reasonably
believe the witness who testified he heard Blanco say "Get him" to Garcia. The jury could
reasonably infer that a person who says "Get him" to a person holding a shotgun is
anticipating the use of deadly force. We hold the evidence is factually sufficient to support
the verdict. Issues one and two are overruled.

 In his third issue, Blanco contends the trial court erred in excluding evidence that
Quintanilla had consumed alcohol or controlled substances prior to the offense. The
evidence was relevant, he argues, to his theory that Garcia may have been provoked by
Quintanilla. The jury did hear testimony that Quintanilla had just opened a can of beer and
was holding it in his hand immediately before the fatal confrontation. The jury also heard
that Quintanilla challenged Blanco to fight. The excluded evidence would not have added
to the jury's understanding of the victim's aggressiveness, as Quintanilla's aggressive
behavior is uncontroverted in the record. There is no evidence from any source that
Quintanilla tried to get in the vehicle or that Garcia felt threatened by Quintanilla. Assuming
the consumption of intoxicants makes a person more aggressive, their effect on Quintanilla
in this instance would be purely speculative. In contrast to the case on which Blanco bases
his argument, in this case there was no evidence of a prior history of violence between the
parties while the victim was intoxicated. Compare U.S. v. McIntire, 461 F.2d 1092, 1092-93
(5th Cir. 1972).

 Blanco also argues the evidence was necessary at punishment to show that the victim
was not the stellar person the State portrayed him to be. Blanco did not ask to have evidence
admitted in the punishment phase of the trial and did not raise relevance to punishment as a
ground for admitting the evidence when he made his bill of exception during the trial's guilt
phase. The issue at punishment is the defendant's character and moral blameworthiness, not
the victim's. Victim character evidence is relevant to the extent it bears on the defendant's
responsibility and moral culpability. See Williams v. State, 176 S.W.3d 476, 483 (Tex.
App.--Houston [1st Dist.] 2004, no pet.). Blanco does not explain how Quintanilla's use of
intoxicants would have any bearing on Blanco's moral culpability. We hold that the trial
court's ruling fell within the zone of reasonable disagreement. The exclusion of the
proffered evidence was not an abuse of discretion. Issue three is overruled and the judgment
is affirmed.

 AFFIRMED.



 ____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on February 7, 2008

Opinion Delivered March 12, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. Garcia was also convicted of murder and his conviction was affirmed on appeal. Garcia
v. State, No. 09-06-415 CR, 2007 WL 4340571 (Tex. App.--Beaumont Dec. 12, 2007, no pet.) (not
designated for publication).
2. Accomplice witness corroboration is not an issue in this appeal.